# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ROBERT DAVID MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:19CV596 |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Robert David Martin brought this action to obtain review of a final decision of the Commissioner of Social Security denying his claim for disability insurance benefits. The Court has before it the certified administrative record and cross-motions for judgment. (Docket Entries 8, 10, 13.)

## I. PROCEDURAL HISTORY

Plaintiff filed an application for a period of disability and disability insurance benefits on November 6, 2015 alleging a disability onset date of March 1, 2012, later amended to December 11, 2015. (Tr. 289, 443-44.)[1] The application was denied initially and again upon reconsideration. (*Id.* at 369-72, 379-82.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 387-88.) After a hearing on January 31, 2018, the ALJ determined that Plaintiff was not disabled. (*Id.* at 8-23, 287-335.) Plaintiff requested review of the decision

---

[1] Transcript citations refer to the administrative record which was filed with Defendant's Answer. (Docket Entry 8.)

by the Appeals Council, which was denied (*id.* at 1), making the ALJ's 2018 decision the final decision for purposes of review.

## II. STANDARD FOR REVIEW

The scope of judicial review of the Commissioner's final decision is specific and narrow. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986). Review is limited to determining if there is substantial evidence in the record to support the Commissioner's decision. 42 U.S.C. § 405(g); *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In reviewing for substantial evidence, the Court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The issue before the Court, therefore, is not whether Plaintiff is disabled but whether the Commissioner's finding that he is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Id.*

## III. THE ALJ'S DECISION

The ALJ followed the well-established five-step sequential analysis to ascertain whether the claimant is disabled, which is set forth in 20 C.F.R. § 404.1520. *See Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 475 n.2 (4th Cir. 1999).[2] The ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity between his amended alleged onset date

---

[2] "The Commissioner uses a five-step process to evaluate disability claims." *Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012) (citing 20 C.F.R. §§ 404.1520(a)(4),416.920(a)(4)). "Under this process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [his] past relevant work; and (5) if not, could perform any other work in the national economy." *Id.* A finding adverse to the claimant at any of several points in this five-step sequence forecloses a disability designation and ends the inquiry. *Id.*

of December 11, 2015 and his date last insured of June 30, 2017. (Tr. 14.) The ALJ next found the following severe impairments at step two: degenerative disc and facet joint disease of the lumbar spine and tobacco dependence. (*Id.*)

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one listed in 20 C.F.R. Pt. 404, Subpt. P, App. I. (*Id.* at 17.) The ALJ next set forth Plaintiff's Residual Functional Capacity ("RFC") and determined that he could have performed a reduced range of light work as defined by 20 C.F.R. § 404.1567(b) but with the following limitations:

> [Plaintiff] was able to occasionally stoop and frequently kneel and crouch. He could have frequent, but not constant, exposure to workplace hazards such as unprotected heights and dangerous machinery.

(*Id.*) At the fourth step, the ALJ determined that Plaintiff was unable to perform any past relevant work. (*Id.* at 21.) Last, at step five, the ALJ determined that there were jobs in the national economy that Plaintiff could perform. (*Id.* at 22.) Consequently, the ALJ concluded that Plaintiff was not disabled. (*Id.* at 23.)

**IV. ISSUE AND ANALYSIS**

Plaintiff raises a single objection to the ALJ's decision. He argues that the ALJ failed to properly evaluate Listing 1.04A at step three. (Docket Entry 11 at 4.) The Court concludes that the ALJ's decision is not susceptible to judicial review and that remand is proper.

"At Step Three of the process, the ALJ must decide whether a claimant's impairment or combination of impairments meets or equals one of the listings at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (2018)." *Bates v. Berryhill*, 726 Fed. App'x. 959, 960 (4th Cir. 2018) (citing 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii)). "A claimant is entitled to a conclusive presumption

3

that he is impaired if he can show that his condition 'meets or equals the listed impairments.'" *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013) (quoting *Bowen v. City of New York*, 476 U.S. 467, 471 (1986)). An ALJ must give a sufficient explanation of his rulings to include "evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Id.* at 295. "Without such an explanation, it is simply impossible to tell whether there was substantial evidence to support the determination." *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986); *see also Mascio v. Colvin*, 780 F.3d 632, 637 (4th Cir. 2015) (finding error where the ALJ's "opinion is sorely lacking in the analysis needed for [the appellate court] to review meaningfully [the ALJ's] conclusions"). Relatedly, the ALJ is required to explicitly indicate "the weight given to all relevant evidence." *Murphy v. Bowen*, 810 F.2d 433, 437 (4th Cir. 1987) (quoting *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984)). Nonetheless, even a cursory explanation by an ALJ at step three is sufficient if findings elsewhere in the decision support the step three finding. *See Smith v. Astrue*, 457 Fed. App'x. 326, 238 (4th Cir. 2011) (citing *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733-34 (10th Cir. 2005)).

To satisfy Listing 1.04A, a claimant must show that he suffers from a spinal disorder such as "herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, [or] vertebral fracture." 20 C.F.R. Pt. 404, Subpt. P, App. I, § 1.04. Second, he must demonstrate that the above spinal condition results in "compromise of a nerve root (including the cauda equina) or the spinal cord." *Id.* Lastly, under 1.04A, he must show the following:

> Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is

4

> involvement of the lower back, positive straight-leg raising test (sitting and supine).

*Id.* § 1.04A. "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). Additionally, if the evidence fails to show that a claimant's impairment "has lasted or can be expected to last for a continuous period of at least 12 months," he will not be deemed disabled at this step. 20 C.F.R. § 404.1525(c)(4). However, "[a] claimant need not show that each symptom was present at precisely the same time—i.e., simultaneously—in order to establish the chronic nature of his condition." *Radford*, 734 F.3d at 294. The burden is on the claimant to demonstrate that he meets all the requirements of a Listing. *Monroe v. Colvin*, 826 F.3d 176, 179 (4th Cir. 2016).

Here, the ALJ's analysis at step three regarding Listing 1.04A consisted of the following in its entirety:

> Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR 404 Subpart P Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> The record does not indicate the claimant's spinal impairment resulted in compromise of a nerve root (including the cauda equina) or the spinal cord with additional findings of: A) evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising . . . . The undersigned also considered Acquiescence Ruling 15-1(4) and determined that the medical evidence of record does not indicate that all of the medical criteria in paragraph A of listing 1.04 were present within

5

a continuous 12-month period (or are expected to be present).

(Tr. 17.)

This discussion is insufficient as it "is sorely lacking in the analysis needed for [this Court] to review meaningfully [the ALJ's] conclusions." *Mascio*, 780 F.3d at 637. The ALJ fails here to discuss "evidence [she] found credible and why, and [apply] the pertinent legal requirements to the record evidence." *Radford*, 734 F.3d at 295. Reading the decision as a whole is no more illuminating. The ALJ does discuss Plaintiff's testimony and the medical evidence during her analysis of Plaintiff's RFC. (Tr. 17-21.) However, the ALJ does not "build an accurate and logical bridge from the evidence to [her] conclusion" that Plaintiff does not satisfy the Listing. *Monroe*, 826 F.3d at 189 (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000.) While other evidence in the record may support the ALJ's conclusion, her "failure to adequately explain [her] reasoning precludes this Court . . . from undertaking a 'meaningful review' of the finding that [Plaintiff] did not satisfy Listing 1.04A." *Radford*, 734 F.3d at 296 (quoting *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)); *see also Fox v. Colvin*, 632 Fed. App'x. 750, 755 (4th Cir. 2015) (holding that an ALJ erred when he failed "to provide any explanation connecting his determination to that of [the claimant's] failure to meet the listing impairment"). Therefore, the Court should remand this matter to the Commissioner for further proceedings. *See id.*

The ALJ's error is significant because evidence in the record indicates that Plaintiff, contrary to Defendant's assertions (*see* Docket Entry 14 at 13-15), *may* meet the criteria for Listing 1.04A.

Evidence in the record suggests Plaintiff may meet the first criterion for Listing 1.04A.

To satisfy it, Plaintiff must have a disorder of the spine. § 1.04. Plaintiff meets this criterion because the ALJ found at step two that Plaintiff suffers from the severe impairment of degenerative disc and facet joint disease of the lumbar spine, which suggests such a disorder. (Tr. 14.)

Next, there must be evidence of compromise of a nerve root (including the cauda equina). § 1.04A. The record contains such evidence, as a physician reviewing a January 2016 MRI of Plaintiff's lumbar spine concluded that he had an impingement of the L5 nerve root. (Tr. 678.)

Additionally, satisfaction of Listing 1.04A requires nerve root compression characterized by the following: neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss, and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine). § 1.04A. In addition to the identified impingement of the L5 nerve root discussed above, evidence from medical examinations in December 2015, January 2016, February 2016, and August 2016 could support a finding that Plaintiff meets the other criteria. Evidence of neuro-anatomic distribution of pain includes statements to medical providers that Plaintiff was experiencing neuro-anatomic distribution of pain, i.e. numbing and tingling in his legs. (Tr. 585, 591, 612-13, 678.) Medical records also include observations that Plaintiff's spine and torso suffered from a range of motion diminished and restricted by pain. (*Id.* at 587, 613.) There are additional observations that his lower extremity strength was reduced to 4/5 and he had reduced patellar and Achilles deep tendon reflexes in the right leg.[3]

---

[3] One physician in particular noted that he was unable to evaluate the strength of Plaintiff's

(*Id.* at 587, 594.) Plaintiff also had positive straight-leg raising tests in the sitting and supine positions. (*Id.*)

Finally, Plaintiff must also show that his impairment has lasted or can be expected to last for a continuous period of at least 12 months. § 404.1525(c)(4). In August 2016, a physician assessed Plaintiff's condition as chronic and noted he "may be a candidate for lumbar decompression and fusion at some point."[4] (Tr. 681.) In combination with the medical evidence dating back to December 2015, this suggests that Plaintiff's condition may have been expected to last longer than twelve months.

In light of the above evidence, the ALJ was required to discuss the "evidence [she] found credible and why, and [apply] the pertinent legal requirements to the record evidence." *Radford*, 734 F.3d at 295. Without such an explanation, this Court cannot know how she reconciled this evidence with her conclusion that Plaintiff does not satisfy Listing 1.04A.

Defendant argues that any error in the record is harmless, because while a claimant who meets a listing is incapable of performing any gainful activity, Plaintiff can perform work-related tasks, including bending, walking, lifting, and pushing and pulling heavy objects. (Docket Entry 14 at 14-15.) However, the ALJ did not include such reasoning in her decision and the Court cannot speculate that this was indeed her reasoning. *See Fox* 632 Fed. App'x. at 755 ("Our circuit precedent makes clear that it is not our role to speculate as to how the

---

lower extremities due to "giveway [sic] strength on exam involving multiple muscle groups." (Tr. 680.)

[4] This appears to be the basis for the ALJ's interpretation of the notes that the physician concluded that "significant spinal and foraminal stenosis would likely worsen and ultimately require surgery." (Tr. 19.)

8

Case 1:19-cv-00596-CCE-JLW   Document 16   Filed 05/07/20   Page 8 of 9

ALJ applied the law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in the record.")

None of this necessarily means that Plaintiff is disabled under the Act and the undersigned expresses no opinion on that question. Nevertheless, in light of the absence of sufficient analysis or explanation by the ALJ regarding Plaintiff meeting the criteria for Listing 1.04A, the undersigned concludes that the proper course here is to remand this matter for further administrative proceedings.

**IT IS THEREFORE RECOMMENDED** that the Commissioner's decision finding no disability be **REVERSED**, and that the matter be **REMANDED** to the Commissioner under sentence four of 42 U.S.C. § 405(g). The Commissioner should be directed to remand the matter to the ALJ for proceedings consistent with this Recommendation. To this extent, Defendant's Motion for Judgment on the Pleadings (Docket Entry 13) should be **DENIED**, and Plaintiff's Motion for Judgement Reversing the Commissioner (Docket Entry 10) should be **GRANTED**. However, to the extent that Plaintiff's motion seeks an immediate award of benefits, it should be **DENIED**.

_____
Joe L. Webster
United States Magistrate Judge

May 7, 2020
Durham, North Carolina